POPOVICH ET AL. *v.* METRO REGIONAL TRANSIT AUTHORITY
ET AL.

(No. 76 CVF 11098—Decided July 22, 1977.)

Akron Municipal Court.

*Mr. Francis W. Houk* and *Mr. Stephan Gabalac*, for plaintiffs.

*Mr. Edward G. Kemp*, for defendant.

GEORGE, J.  Plaintiffs are former employees of the defendant Metro Regional Transit Authority, which succeeded McDonald Transit Management, Inc., and members of the Transport Workers Union of America, AFL-CIO, Local No. 1.

Plaintiffs' claim alleges a violation of fair representation as against the union and a breach of conrtact as against Metro and McDonald with regard to the payment of pro-rata vacation pay for the time each plaintiff worked his last year of employment, until his retirement.

Plaintiffs assert that the Union acted in bad faith by not pursuing their grievances with regard to such vacation pay.

The union in answer to the complaint, claims that plaintiffs have not exhausted the remedies provided by the

labor management agreement which includes a grievance and arbitration procedure and therefore the plaintiffs are estopped from pursuing their claim in a court of law.

Metro and McDonald deny that the written contract provided for a pro-rata vacation pay for retiring employees; and that plaintiffs have not exhausted the grievance and arbitration procedure as required by the contract.

Trial was had on February 8, 1977, and plaintiff's Exhibit 1 and 3 plus Joint Exhibits I, II, III, and IV (excerpts of labor-management contracts) were admitted into evidence. A stipulation was also accepted as to the employment and retirement dates of each plaintiff.

Extensive briefs were submitted by the parties citing numerous authorities.

This court's jurisdiction its challenged on several grounds.

(1) That the claim raised in the complaint is within the exclusive jurisdiction of the National Labor Relations Board.

(2) That this case falls within the pre-emption doctrine.

(3) That this court has no jurisdiction over the subject matter of this case.

Metro and McDonald each further argue that there is no absolute right to have a grievance arbitrated and that the contract in question did not provide for the payment of pro-rata vacation benefits.

The plaintiffs argue that a claim for vacation is not within the exclusive jurisdiction of the National Labor Relations Board; that plaintiffs are not barred from recovery by reason of their failure to exhaust the contractual grievance procedure; that the Union breached its duty of fair representation; that vacation pay is deferred wages based on the previous year's work, not on the vacation year; and that the evidence provides sufficient information upon which each plaintiff's vacation can be determined.

Prior to the hearing, Metro and McDonald each moved to dismiss the action on the grounds that the complaint fails to state a claim upon which relief can be granted; the court lacks subject matter jurisdiction; and that the case

of *Vaca* v. *Sipes, Admr.* (1967), 386 U. S. 171, is controlling and requires the dismissal of the action. Metro further moved for dismissal on the added ground that the matter concerned a possible breach of duty by the Union of fair representation and therefore did not involve Metro.

The court took these motions under advisement and the matter proceeded to trial. The court denies each pretrial motion taken under advisement.

The defendant Metro moved for a directed verdict at the conclusion of the plaintiff's case. The court grants same for the reason that:

(1) The plaintiffs have failed to show any breach of contract by Metro, in that the benefits claimed to be due to the plaintiffs under the contract (Joint Exhibit II), were never previously given to other retiring employees under that language. This is further supported by the subsequent negotiation of a contract, Exhibit III, which provided for such benefit.

(2) The plaintiffs failed to file a timely grievance as required by the contract.

(3) The plaintiffs failed to show any conspiracy, between Metro and the Union, to deprive them of benefits to which they were entitled under the terms of the contract.

Remaining for the court's consideration are the following:

(1) Does the court have jurisdiction over the subject matter of this action as between plaintiffs and the Union?

(2) Did Union violate its duty of fair representation to the plaintiffs by failing to pursue their grievance?

The court finds that it does have jurisdiction over the subject matter of this action as a matter of local concern and absent an effect upon the administration of national labor relations policies and relying upon *Vaca* v. *Sipes, Admr., supra,* which reads, at page 180:

"In addition to these congressional exceptions, this Court has refused to hold state remedies pre-empted 'where the activity regulated was a merely peripheral concern of the Labor Management Relations Act * * * [or] touched interests so deeply rooted in local feeling and responsibility that, in the absence or compelling congression-

al direction, we could not infer that Congress has deprived the States of the power to act.' *San Diego Building Trades Council v. Garmon*, 359 U. S., at 243-244 * * *. While these exceptions in no way undermine the vitality of the preemption rule where applicable, they demonstrate that the decision to pre-empt federal and state court jurisdiction over a given class of cases must depend upon the nature of the particular interests being asserted and the effect upon the administration of national labor policies of concurrent judicial and administrative remedies.''

Further, the court finds that while the plaintiff Popovich, ostensibly on behalf of all other plaintiffs, filed a grievance, it was filed untimely. Union did take the grievance up with Metro and it was denied. The court finds that the conduct of Union in refusing to pursue the matter is not a violation of fair representation as there was no showing that such failure was arbitrary or in bad faith.

There was no evidence that the contract language in question was ever applied so as to pay pro-rata vacation benefits upon retirement as the plaintiffs urge. Rather the evidence did reflect that in a subsequent contract, pro-rata vacation benefits were given. This economic item was granted as part of the collective bargaining process, and was not a rightful benefit until same was included within the contract between Union and Metro.

The plaintiffs on the one hand request the court to grant a supposed benefit under the contract (pro-rata vacation benefits), and on the other, assert that their noncompliance with the grievance procedure as set forth in the contract, Article IV, Section 1, does not bar their action. The court finds that the use of the grievance procedure is a condition precedent to the court action under the terms of the contract. Failure to comply with the procedures set forth bars further action on the subject matter.

In view of the foregoing the court finds that the plaintiffs were not entitled to pro-rata vacation at the time of their retirement and, therefore, grants judgment in favor of Union, and against each plaintiff.

*Judgment accordingly.*